UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

STEVEN VIZCARRONDO,

                           Plaintiff,

          -v-

COMMISSIONER DORA B. SCHRIRO, MICHAEL R.
BLOOMBERG, JOHN DOE (*Corizon Health Services
Manager, A.M.K.C.*), DEP. MENDEZ (*Dep. Security
GRVC*), ROSE AGRO (*G.R.V.C. Warden*),

                          Defendants.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/26/16

15 Civ. 240 (PAE) (JCF)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

*Pro se* plaintiff Steven Vizcarrondo brings this action under 42 U.S.C. § 1983 alleging that the mattress he was issued while incarcerated caused him severe pain. Before the Court is the March 8, 2016 Report and Recommendation of the Hon. James C. Francis, United States Magistrate Judge, recommending that the Court grant the motion to dismiss with prejudice. Dkt. 33 ("Report"). For the following reasons, the Court adopts this recommendation.

**I.    Background**

The Court incorporates by reference the summary of the facts provided in the Report. *See* Report at 3.

On July 17, 2014, Vizcarrondo filed a Complaint in the Northern District of New York. Dkt. 1. On January 13, 2015, the case was transferred to this District. Dkt. 8. On March 25, 2015, the Court dismissed the Complaint for failure to state a claim, granting leave to amend. Dkt. 11. On April 20, 2015, the Court, upon request, sent Vizcarrondo a copy of Judge Francis's Report and Recommendation in *Howard v. City of New York*, No. 12 Civ. 4069 (PAE) (JCF),

2012 WL 7050623 (S.D.N.Y. Dec. 20, 2012), *report and recommendation adopted as modified*, 2013 WL 504164 (S.D.N.Y. Feb. 11, 2013). Dkt. 12. On July 9, 2015, the Court referred this case to Judge Francis for general pretrial supervision and for a report and recommendation. Dkt. 14. On August 14, 2015, Vizcarrondo timely filed an Amended Complaint. Dkt. 18.

On December 14, 2015, defendants moved to dismiss. Dkt. 25. Judge Francis directed Vizcarrondo to respond by January 29, 2016. Dkt. 30. On February 16, 2016, having received no response from Vizcarrondo, Judge Francis deemed the motion fully submitted. Dkt. 32. On March 8, 2016, Judge Francis issued the Report, recommending that the Court dismiss the Complaint with prejudice. On March 28, 2016, Vizcarrondo filed objections. Dkt. 36 ("Obj.").

## II. Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate's findings, the district court must make a *de novo* determination as to those findings. *Id.* § 636(b)(1). However, if a party "makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008), *aff'd*, 367 F. App'x 210 (2d Cir. 2010) (summary order). And, while *pro se* parties are, as always, treated leniently in making objections, their objections to a Report "must be specific and clearly aimed at particular findings." *Id.*

Whether reviewed for clear error or *de novo*, the Court finds that Judge Francis's thorough and well-reasoned Report correctly recommended dismissal of the Amended Complaint.

The Court notes that, in his subsequently filed objections to the Report, Vizcarrondo described his allegations with somewhat more detail than he had before. But, even if the Court were to consider these allegations in deciding the pending motion to dismiss, they remain too vague and conclusory to survive a motion to dismiss, even though Vizcarrondo had the benefit of several court orders setting out the relevant legal standards. *See* Dkts. 11, 12, 33. Vizcarrondo's most specific allegation is that he addressed grievances to defendants Mendez, Argo, and Doe, all prison administrators, and that these were "denied." *See* Obj. at 4. But he does not allege with the required specificity exactly *what* he conveyed to these individuals, which is necessary, among other things, to adequately allege that they knew of and disregarded an excessive risk to his health and safety. *See* Report at 6 (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

As Vizcarrondo has already had the opportunity to amend his Complaint, the Court agrees with Judge Francis that this dismissal shall be with prejudice.

## CONCLUSION

For the foregoing reasons, the Court dismisses Vizcarrondo's Complaint with prejudice. The Clerk of Court is directed to close this case.

The Court directs the Clerk to mail a copy of this decision to plaintiff at the address on file.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: July 26, 2016
       New York, New York

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - :
STEVEN VIZCARRONDO,                :   15 Civ. 0240 (PAE) (JCF)
                                   :
             Plaintiff,            :      REPORT AND
                                   :      RECOMMENDATION
    - against -                    :
                                   :
DEP. MENDEZ - G.R.V.C Dep. of      :
Security, ROSE AGRO - G.R.V.C.     :
Warden, DORA B. SCHRIRO - (former) :
NYC Commissioner of Corrections,   :
MICHAEL R. BLOOMBERG, (former) NYC :
Mayor, and JOHN DOE - Corizon      :
Health Services Manager at         :
G.R.V.C.,                          :
                                   :
             Defendants.           :
- - - - - - - - - - - - - - - - - :
```

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/8/16
```

TO THE HONORABLE PAUL A. ENGELMAYER, U.S.D.J.:

Steven Vizcarrondo is a former inmate at the George R. Vierno Center ("GRVC") on Rikers Island. He brings this action pro se under 42 U.S.C. § 1983 against Dora B. Schriro, former Commissioner of the New York City Department of Correction ("DOC"); Rose Agro, the Warden at GRVC; a Deputy Mendez, purportedly the deputy for security at GRVC; former Mayor Michael R. Bloomberg; and John Doe, an unidentified Corizon health services manager at GRVC.[1] The plaintiff alleges that the defendants violated his constitutional rights by issuing him an inadequate mattress while he was housed at

---

[1] Neither Deputy Mendez nor the John Doe defendant have been served with the complaint. However, the analysis in this report and recommendation applies to all defendants.

1

GRVC.

The defendants now move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that (1) the plaintiff has not exhausted his administrative remedies; (2) the Amended Complaint fails to state a cause of action; and (3) the plaintiff has failed to allege sufficient personal involvement of the named defendants. For the reasons that follow, I recommend that the motion be granted.

Background

On July 17, 2014, Mr. Vizcarrondo filed a complaint in the United States District Court for the Northern District of New York. The action was transferred to this court in January 2015. (Order dated Jan. 7, 2015). On March 25, 2015, the Honorable Paul A. Engelmayer issued a decision dismissing the complaint (Opinion and Order dated March 25, 2015 (the "3/25/15 Order")). Judge Englemayer observed that in the context of an inmate's claim concerning inadequate bedding:

> plaintiff must allege that "(1) he had a preexisting medical condition requiring a special bed to protect against serious damage to his future health; (2) he made that medical condition known to prison officials; (3) he requested a special bed to accommodate such medical condition; and (4) his request was denied by an 'official [who knew] of and disregard[ed] an excessive risk to [the plaintiff's] health or safety.'"

(3/25/15 Order at 3-4 (quoting Howard v. City of New York, Nos. 12

2

Civ. 4069 et al., 2012 WL 7050623, at *9 (S.D.N.Y. Dec. 20, 2012))). The Court further held that "[Mr.] Vizcarrondo's Complaint fails to allege with specificity facts sufficient to establish any of the four elements listed above." (3/25/15 Order at 4). Nevertheless, Judge Engelmayer afforded the plaintiff the opportunity to file an amended complaint within 45 days. (3/25/15 Order at 6). On April 20, 2015, Judge Engelmayer extended the deadline for filing an amended pleading to June 30, 2015. (Order dated April 20, 2015). After the case was referred to me, I granted a further extension to August 14, 2015. (Memorandum and Order dated July 14, 2014). On August 14, 2015, the court received the Amended Complaint.

The Amended Complaint alleges that "[o]n December 13, 2013 – while being received at Rikers Island, G.R.V.C. Detention Center, Plaintiff was issued inadequate bedding, . . . [as a result of which] he sustained physical injuries to his left wrist and cervical spine." (Amended Complaint ("Am. Compl."), § II.D). The plaintiff further asserts that Deputy Mendez issued the mattress, that Warden Agro "co-sign[ed] the issuance of that mattress," and that Mayor Bloomberg and Commissioner Schriro were "responsible for supervising adequate bedding to all NYC detainees." (Am. Compl., § II.D.).

The defendants filed the motion to dismiss on December 14,

2015. The following day, I set a briefing schedule pursuant to which the plaintiff was to answer the motion by January 15, 2016. (Order dated Dec. 15, 2015). Mr. Vizcarrondo sought additional time to submit his response, and I granted him until January 29, 2016. (Memorandum Endorsement dated Dec. 29, 2016). He never answered the motion.

Discussion

    A.  Standard of Review for a Motion to Dismiss

In considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 110-11 (2d Cir. 2010). A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Where the complaint's factual allegations permit the court to infer only that it is possible, but not plausible, that misconduct occurred, the complaint fails to meet the minimum standard. Id. In ruling on a motion to dismiss, a court's task "is merely to assess the legal feasibility of the complaint, not to assay the weight of the

evidence which might be offered in support thereof." GVA Market Neutral Master Ltd. v. Veras Capital Partners Offshore Fund, Ltd., 580 F. Supp. 2d 321, 327 (S.D.N.Y. 2008) (quoting Eternity Global Master Fund Ltd. v. Morgan Guaranty Trust Co. of New York, 375 F.3d 168, 176 (2d Cir. 2004)).

Pro se complaints are held to less stringent standards than those drafted by lawyers. Erickson, 551 U.S. at 94; see also McKeown v. New York State Commission on Judicial Conduct, 377 F. App'x 121, 122 (2d Cir. 2010). In fact, pleadings of a pro se party should be read "to raise the strongest arguments that they suggest." Kevilly v. New York, 410 F. App'x 371, 374 (2d Cir. 2010) (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)). Notwithstanding the heightened pleading standards the Supreme Court imposed in Twombly and Iqbal, pro se complaints must be liberally construed. See Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Nevertheless, dismissal of a pro se complaint is appropriate where a plaintiff has clearly failed to meet minimum pleading requirements. See Rahman v. Schriro, 22 F. Supp. 3d 305, 310 (S.D.N.Y. 2014).

B.  Conditions of Confinement

It is well-established that, in order to state a valid conditions-of-confinement claim, a plaintiff must demonstrate that: (1) objectively, the deprivation he suffered denied him "the

5

minimal civilized measure of life's necessities," and (2) subjectively, the defendants acted with "deliberate indifference," Wilson v. Seiter, 501 U.S. 294, 298, 303 (1991) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)), in that they "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety," Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

In Walker v. Schult, 717 F.3d 119 (2d Cir. 2013), the Second Circuit overturned a district court's dismissal of a prisoner's conditions-of-confinement claim based in part on the condition of the prisoners' mattress. In doing so, the court held that the adequacy of a mattress may, alone or in combination with other factors, constitute a condition that satisfies the objective prong of the conditions-of-confinement test if it causes or threatens to cause sufficiently serious harm. Id. at 126-27.

To satisfy the pleading requirements for such a claim, a plaintiff must allege that: (1) he had a medical condition requiring a non-standard bed to protect against serious damage to his future health; (2) he made his condition known to the prison officials; (3) he requested a non-standard bed to accommodate the condition; and (4) his request was denied by an official who knew of and disregarded an excessive risk to the plaintiff's health or safety. See, e.g., Youmans v. Schriro, No. 12 Civ. 3690, 2013 WL

6

6284422, at *5 (S.D.N.Y. Dec. 3, 2013).

In this case, even if Mr. Vizcarrondo's medical condition were sufficiently serious, he has failed to adequately plead that he was denied adequate bedding by an official who acted with deliberate indifference.

To prove deliberate indifference, a plaintiff must "show[] that the official was subjectively aware of the risk." Farmer, 511 U.S. at 829. A prison official is not liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

Here, Mr. Vizcarrondo has failed to allege any facts from which it might be inferred that any of the defendants was aware that the bedding he was issued could cause serious injury. He asserts that "the structural design of the housing area in G.R.V.C. was not built for these [] mattresses – as evident in the labeling on the mattress." (Am. Compl., § II.D.). But, as I noted in another case presenting similar claims, the mattress labels at issue "relate[] to fire safety," not "chiropractic health." Howard, 2012 WL 7050623, at *6.

7

Accordingly, the plaintiff's claims should be dismissed. While "[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once," Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014); see also McGee v. Pallito, No. 10-CV-11, 2014 WL 360289, at *12 (D. Vt. Feb. 3, 2014) (noting that "[t]he Second Circuit has cautioned that district courts should not dismiss pro se complaints with prejudice without granting leave to amend at least once"), here the Court has already granted the plaintiff leave to amend, and, indeed, provided him with a road map for stating a cause of action. Because Mr. Vizcarrondo has failed to cure or even meaningfully address critical defects in his pleadings, the Amended Complaint should be dismissed with prejudice. See Ndremizara v. Swiss Re America Holding Corp., 93 F. Supp. 3d 301, 318-19 (S.D.N.Y. 2015); Terio v. Michaud, No. 10 Civ. 4276, 2011 WL 2610586, at *2 (S.D.N.Y. June 15, 2011).[2]

Conclusion

For the reasons discussed above, I recommend that the defendants' motion (Docket no. 25) be granted, and the Amended Complaint be dismissed. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure,

---

[2] Because I am recommending dismissal for failure to state a claim, I do not reach the issues of exhaustion of administrative remedies and personal involvement.

8

the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Paul A. Engelmayer, Room 2201, 40 Foley Square, New York, New York 10007, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully Submitted,

*James C. Francis IV*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       March 8, 2016

Copies mailed this date:

Steven Vizcarrondo
14-A-3016
Marcy Correctional Facility
P.O. Box 3600
Marcy, NY 13403

Elizabeth C. DeGori, Esq.
Assistant Corporation Counsel
100 Church Street
New York, NY 10007

9